J-S19038-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :        PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| WILLIE MAURICE HARRIS | : |
| | : |
| Appellant | : No. 1215 WDA 2025 |

Appeal from the PCRA Order Entered August 14, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0003121-1997

BEFORE:   SULLIVAN, J., NEUMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED: August 13, 2026**

Willie Maurice Harris appeals **pro se** from the August 14, 2025 order dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  For the reasons set forth below, we find that Appellant is not entitled to relief and, accordingly, affirm the order of the PCRA court.

A detailed recitation of the facts is not relevant to our disposition and need not be reiterated here.  The PCRA court summarized the procedural history of this case as follows:

> In a criminal complaint dated August 10, 1996, [Appellant] was charged at CC# 199703121 with one count of homicide. The case proceeded to a jury trial before the Honorable David R. Cashman. On August

---

[*] Former Justice specially assigned to the Superior Court.

7, 1997, the panel entered a verdict finding [Appellant] guilty of first-degree murder. By Order of Sentence dated September 4, 1997, Judge Cashman sentenced [Appellant] to life without parole.

[Appellant] filed Post-Trial Motions. By Order dated October s, 1997, Judge Cashman denied the Post-Trial Motions. [Appellant] filed an appeal to the Superior Court. On February 25, 1999, the Superior Court dismissed the appeal without prejudice for failure to file a brief.

On October 1, 2001, [Appellant] filed his first PCRA Petition. By Order dated March 26, 2002, Judge Cashman reinstated [Appellant's] appellate rights. [Appellant] proceeded with an appeal to the Superior Court. In a Non-Precedential Decision at No. 682 WDA 2002 dated August 6, 2004, the Superior Court affirmed the judgment of sentence. The Supreme Court granted [Appellant's] Petition for Allowance of Appeal. Ultimately, on February 20, 2007, the appeal was dismissed as improvidently granted.

On October 1, 2007, [Appellant] filed a second PCRA Petition. By Order dated July 29, 2011, Judge Cashman dismissed the second PCRA Petition. [Appellant] filed a Notice of Appeal. In a Non-Precedential Decision at No. 1404 WDA 2011 dated June 20, 2012, the Superior Court affirmed the dismissal of the second PCRA Petition. On March 21, 2013, the Supreme Court affirmed the dismissal of the second PCRA Petition. On March 21, 2013, the Supreme Court denied [Appellant's] Petition for Allowance of Appeal. While the second petition was pending, [Appellant] filed a third petition which was dismissed by Judge Cashman for lack of jurisdiction.

On May 28, 2013, [Appellant] filed a fourth PCRA Petition. By Order dated February 25, 2015, Judge Cashman dismissed the fourth PCRA Petition. In a Non-Precedential Decision at 525 WDA 2015 dated November 16, 2015, the Superior Court found that the Petition was time barred and affirmed the dismissal of the fourth PCRA Petition. By Order dated May 3, 2016,

the Supreme Court denied [Appellant's] Petition for Allowance of Appeal.

On April 6, 2016, [Appellant] filed a fifth PCRA Petition. By Order dated March 20, 2[017], Judge Cashman dismissed the fifth PCRA Petition. On April 20, 2017, [Appellant] filed a Notice of Appeal. On May 9, 2018, the Superior Court affirmed the dismissal of the fifth PCRA Petition. By Order dated May 22, 2019, the Supreme Court denied [Appellant's] Petition for Allowance of Appeal.

On November 20, 2019, Judge Cashman issued an Amended Sentencing Order, correcting an administrative error in the September 4, 1997, Order of Sentence. [Appellant] filed a Notice of Appeal. In a Non-Precedential Decision at No. 20 WDA 2020 dated January 22, 2021, the Superior Court affirmed the amended order. By Order dated July 27, 2021, the Supreme Court denied [Appellant]'s Petition for Allowance of Appeal.

PCRA court opinion, 11/17/25 at 1-2.

On April 3, 2025, Appellant filed the instant **pro se** PCRA petition, his sixth. On June 25, 2025, the PCRA court provided Appellant with notice of its intention to dismiss his petition without an evidentiary hearing, pursuant to Pa.R.Crim.P. 907(1). Thereafter, on August 14, 2025, the PCRA court dismissed Appellant's petition without a hearing. Appellant filed a notice of appeal on September 26, 2025.[1] In accordance with the PCRA court's

_____

[1] We note that although Appellant's notice of appeal is untimely on its face, the record reflects that there are no entries on the trial court docket indicating service to Appellant of the August 14, 2025 order denying his PCRA petition. **See** Pa.R.Crim.P. 114(C)(2)(c) (docket entries "shall contain" the "date of service of the order"). "Where the trial court docket in a criminal case does

*(Footnote Continued Next Page)*

- 3 -

directive, Appellant filed a Pa.R.A.P. 1925(b) concise statement on October 25, 2025. On November 17, 2025, the PCRA court filed its Rule 1925(a) opinion.

Appellant raises the following issue for our review:

I. Whether the PCRA court erred in determining they did not have jurisdiction, thereby dismissing PCRA petition without a hearing for failing to meet the timing requirement(s) pursuant to 42 Pa.C.S.[A.] § 9545(b)(1)(ii), where [A]ppellant invoked and properly plead an exception under 42 Pa.C.S.[A.] § 9545(b)(1)(ii); 42 Pa.C.S.[A.] § 9545(b)(2)?

Appellant's brief at iv.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Patterson*, 143 A.3d 394, 397 (Pa.Super. 2016) (citation omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence

---

not indicate service on a party or the date of service," as is the case here, "we will not quash the appeal or require further proceedings. Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely." *Commonwealth v. Midgley*, 289 A.3d 1111, 1117 (Pa.Super. 2023).

arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

Additionally, we note that "there is no absolute right to an evidentiary hearing on a PCRA petition[.]" *Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa.Super. 2019) (citation omitted), *appeal denied*, 218 A.3d 380 (Pa. 2019). When the PCRA court denies a petition without an evidentiary hearing, as is the case here, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." *Commonwealth v. Khalifah*, 852 A.2d 1238, 1240 (Pa.Super. 2004). "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012) (citations omitted).

Preliminarily, we must consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including a second or subsequent petition, must be filed within one year of when a defendant's judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the

- 5 -

conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the record reveals that Appellant's judgment of sentence became final on May 21, 2007, when the 90-day time period for filing a petition for writ of *certiorari* with the United States Supreme Court expired. *See id.* Accordingly, Appellant had until May 21, 2008 to file a timely PCRA petition. *Id.* at § 9545(b)(1). Appellant filed the instant PCRA petition, his sixth, on April 3, 2025, nearly 17 years past the deadline. Accordingly, Appellant's petition is patently untimely and he was required to plead and prove that one of the three statutory exceptions enumerated in Section 9545(b)(1) applies.

The three statutory exceptions to the PCRA time-bar are as follows:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking any of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Instantly, we find that Appellant has failed to properly prove any of the statutory exceptions to the PCRA time-bar set forth in Section § 9545(b)(1). Appellant invokes the "newly-discovered facts" exception to the PCRA time-bar based upon his alleged discovery of testimony and an affidavit authored by Dr. Laurence Steinberg, wherein he identifies a new class of individuals between the ages of 18 to 20, known as "late-adolescents," who suffer the same psychological and neurobiological characteristics as 14 to 17 year-olds. *See* Appellant's brief at 2-6.

The newly-discovered fact exception requires a petitioner to plead and prove two components: (1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence. *Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015) (citations and quotation marks omitted), *appeal denied*, 125 A.3d 1197 (Pa. 2015).

Upon review, we discern no error on the part of the PCRA court in concluding that Appellant has failed to satisfy the newly-discovered fact exception to the PCRA's time bar. As recognized by the PCRA court,

> Dr. Steinberg's statement does not qualify for the newly discovered facts exception. The record reflects that for years since his conviction [Appellant] has made repeated attempts to seek relief from his mandatory life sentence by interjecting case law discussing sentencing for juvenile homicide defendants. To the Court, Dr. Steinberg's discussion of brain development has been previously recognized and analyzed in many landmark decisions. Unfortunately for [Appellant], who was nearly 19-years old when he killed Roderick McMahon, Pennsylvania sentencing law provides relief for offenders under the age of 18. *See* 18 Pa.C.S.A. § 1102.1(a). To the extent that Dr. Steinberg opines regarding brain development of 18 to 20-year olds, this is nothing new and it has not been accepted in the Commonwealth.

Trial court opinion, 11/17/25 at 5 (emphasis omitted).

It is well settled that the focus of the newly discovered fact exception is on "newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Reid*, 235 A.3d 1124, 1153 (Pa. 2020) (citation omitted). Contrary to Appellant's contention, the alleged discovery of a new source for a previously known fact cannot satisfy his burden under Section 9545(b)(1)(ii).

Based on the foregoing, we discern no error on the part of the PCRA court in dismissing Appellant's serial PCRA petition without an evidentiary hearing and affirm the PCRA court's August 12, 2025 order.

Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 08/13/2026